UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH LEE,

                Petitioner,                **ORDER**

        -vs-                           No. 02-CV-6456

THOMAS RICKS, Superintendent, Upstate
Correctional Facility,

                Respondent.
_____

## INTRODUCTION

Before the Court is petitioner Joseph Lee's *pro se* motion to vacate the judgment pursuant to Rule 60(b)[1] of the Federal Rules of Civil Procedure. In it, he moves the Court to vacate and set aside the judgment entered on September 8, 2005, *see* Docket #12, in which the Court dismissed Lee's habeas petition brought pursuant to 28 U.S.C. § 2254 and denied a Certificate of Appealability. Lee first asserts that he is entitled to vacatur under Rule 60(b)(1) due to "*[mistake] [inadvertence]*." Petitioner's Memorandum of Law at Point I (emphases in

---

[1] Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

-1-

original) (Docket #13). In particular, Lee contends that this Court "make [*sic*] a mistake in its factual allegation when it stated that on the night that the defendant was arrested Alvin Davis stopped the arresting officer and informed him that he had information concerning the defendant being involved in the robbery of Wadi's Delicatessen and Henner's Liquor store." *Id.* Later in his motion, Lee also contends that he is entitled to vacatur under Rule 60(b)(6), the "catch-all" provision, which provides that "relief may be granted for any other reason [*i.e.*, not one of the reasons enumerated in Rule 60(b)(1-5)] justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Lee argues that this Court's alleged "wrongful factual determination" prevented the Court from "making a fair and partial [*sic*] decision based on the evidence (facts and law) of the case." *See* Petitioner's Memorandum of Law at Point I (Docket #13). For the reasons set forth below, the motion is denied.

## DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake and newly discovered evidence." *Gonzalez v. Crosby*, __ U.S. __, 125 S. Ct. 2641, 2645 (2005). Section 2244(b) of the federal habeas statute, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] now imposes stringent limits on the filing of second or successive habeas petitions. *See* 28 U.S.C. § 2244(b)(1)-(3). In *Gonzalez*, the Supreme Court considered the extent to which § 2244(b) forecloses the application of Rule 60(b) in the context of habeas proceedings under 28 U.S.C. § 2254.

In light of § 2244(b), and as instructed by *Gonzalez*, the Court normally first would

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

determine whether Lee's Rule 60(b) motion was an attempt to circumvent § 2244(b) and examine whether the claim in Lee's instant Rule 60(b) motion was also "presented in a prior habeas application," making the Rule 60(b) motion, in reality, a second or successive habeas petition that is barred by § 2244(b). *See Gonzalez*, 125 S. Ct. at 2647.

In the interest of judicial economy, the Court will assume, for the sake of argument, that Lee's Rule 60(b) motion is not a second or successive petition, and that Rule 60(b) properly applies to correct alleged factual errors by the court. *See Tray-Wrap, Inc. v. Meyer*, No. 90 Civ. 7688 (CSH), 1992 WL 73382, at *1 (S.D.N.Y. Mar. 31, 1992) ("Although the Second Circuit has left open the question of whether Rule 60(b)(1) applies to errors of the court, it has noted that 'the language of the current Rule 60(b)(1) is broad enough to encompass errors by the court.'") (quoting *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981)). However, Lee has not established that there was, indeed, an error of fact by this Court, let alone that it had any effect at all on its determination of the merits of his habeas petition.

Lee and his co-defendant, Frederick Walker ("Walker"), were convicted of robbery and assault in connection with an incident on February 1, 1999, at Wadi's Delicatessen in the City of Rochester. They were also charged with and convicted of attempted robbery of Henner's Liquor Store later that night. In its September 8, 2005 Decision and Order denying Lee's petition, the Court, when providing the factual background concerning the incidents, stated as follows:

> When Officer Swain and his partner arrived at Henner's Liquor Store, they encountered Lee, who informed them, "I'm not the one, the guy went out the store [*sic*]." T.340.[3] The police took off in pursuit and headed north down Gardiner Avenue. As they approached West Avenue, they were waved down by a man who identified himself as Alvin Davis ("Davis") and who purported to have

---

[3] Citations to "T.__" refer to the trial transcript.

>information concerning the robbery at Wadi's Deli. After a brief conversation, they took Davis with them in the patrol car and headed back toward Henner's Liquor Store. Upon seeing Lee standing on the sidewalk, Davis pointed at him, indicating that Lee had been involved in the robbery of Henner's Liquor Store. The officers then placed Lee in the patrol car . . . . Lee and Walker . . . were brought to Henner's Liquor Store to do a show-up identification.

*Lee v. Ricks*, 388 F. Supp.2d 141 (W.D.N.Y. 2005). Lee contends that this Court erred when it stated that Davis told the police that he had information that Lee had been involved in the incident at the liquor store. Petitioner's Memorandum of Law at Point I (Docket #13). According to Lee, Davis had been "menaced" by Walker and Lee that same night, and *that* was the only information provided by Davis to the police:

>On the night that the defendant was arrested Alvin Davis [s]topped the arresting [o]fficer and told him that two men had just entered his apartment and pointed a shotgun at him stating "where is big man?" [*sic*] Mr. Davis then stated that he pushed the shotgun out of his face and ran down the stairs and hid in the shower area. That [*sic*] he climbed out of a window in the bathroom and called the police. He proceeded to walk down West Avenue and saw a police car whom he flagged down. He reported to this Officer that he was just menaced by Fred Walker and another person. He was told to enter the patrol car and upon approaching Gardiner Avenue, he pointed out the defendant "Lee" and informed the arresting officer that he was the person that was with Fred Walker [when] he [*i.e.*, Davis] was menaced.

Petitioner's Memorandum of Law at Point I (Docket #13). As proof that this Court erred in its factual recitation, Lee states that he "submits to this Court the Sworn statement from Alvin Davis as (Exhibit-A) establishing that he never waved down the arresting officers claiming to have any information about the defendant being involved in a robbery." *Id.* However, Lee has not submitted to this Court any statement from Davis; there was no "Exhibit-A" attached to Lee's Rule 60(b) motion papers. Davis's purported statement now that he never identified Lee as being involved in the attempted robbery of the liquor store, if it exists, is essentially a witness

recantation. Courts are particularly reluctant to grant new trial motions where the newly discovered evidence consists of a witness recantation as such recantations are "'looked upon with the utmost suspicion.'" *United States v. Gallego*, 191 F.3d 156, 166 (2d Cir. 1999) (quoting *United States v. DiPaolo*, 835 F.2d at 49 (citations omitted)). Thus, even if there were a sworn statement by Davis (which the Court does not have before it), it alone would not suffice to establish that the conversation between Davis and the police officers did not occur as the Court related in its Order.

Based upon this Court's review of its Order, it appears that the passage describing the encounter between Davis and the police was based on the trial transcript. However, the Order dismissing Lee's habeas petition was filed over ten months ago and the case was closed at that time. Thus, the state court records have long since been sent back to the district attorney's office, and it is not possible for the Court to review the transcript at the present time. The Court finds that no purpose would be served by requesting the state court records again because even if there were a mistake by the Court, as Lee contends, it makes no difference whatsoever to the Court's ultimate decision that his habeas claims were without merit.

Lee contends that this "wrongful factual determination goes right to the heart of a defendant's denial of a mixed question of fact and law [*sic*] because the District court magistrate judge relied on these facts to come to his determination." Petitioner's Memorandum of Law at Point I (Docket #13).  However, what Davis said to the police on the night of the incident had no bearing whatsoever on the Court's determination of the claims actually raised in Lee's habeas petition. Indeed, the only time Davis is mentioned in the Order is during the Court's recitation of the facts underlying Lee's conviction. Clearly, the Court did not rely on the alleged statements

by Davis to the police in determining whether Lee's habeas claims had merit. Indeed, after his disputed conversation with the police, Davis appears to have had no further involvement in Lee's trial.[4] It thus appears that any statements by Davis to the police were only relevant to Lee's apprehension and arrest–not to a determination of Lee's substantive guilt. In other words, the only type of claim to which the Davis conversation possibly could be relevant is one relating to Lee's arrest and premised on an alleged violation of the Fourth Amendment's proscription against unreasonable searches and seizures. The Supreme Court has held, however, that Fourth Amendment claims are not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *accord Capellan v. Riley*, 975 F.2d 67, 69-71 (2d Cir. 1992).

Even if Lee were correct that the "*only* information that was relayed" by Davis to the police on the night of the attempted robbery of Henner's Liquor Store was that he had been "menaced" by Lee and Walker at his apartment, Lee still cannot obtain relief under Rule 60(b). Lee's states,

> Clearly if the victim Alvin Davis had of [*sic*] stopped the arresting officers and reported that he had information about the defendant being involved in the robbery of Henner's Liquor store and then *not* testifying [*sic*] at the defendant's trial or at any other hearings, the defendant is *more* then [*sic*] certain that he would have had a Confrontation Claus [*sic*] issue and his counsel would have been ineffective for not raising it on his direct appeal[.]

Petitioner's Memorandum of Law at Point I (emphases in original) (Docket #13). Lee is contending that Lee also apparently is researching a stand-alone Confrontation Clause claim stemming from the fact that Davis did not testify at his trial, thereby violating Lee's Sixth Amendment right "to be confronted with the witnesses against him." *See* U.S. CONST. amend.

---

[4] After Davis pointed Lee to the police, Lee was apprehended and taken to a show-up where he was identified by the two victims of the attempted robbery of Henner's Liquor Store; these individuals also testified at Lee's trial, identified him as one of the perpetrators, and described his involvement in the crime.

VI.

Lee's argument is flawed. First, because Davis was not called as a witness at Lee's trial, the Confrontation Clause was not implicated. *United States v. Coven*, 662 F.2d 162, 170 (2d Cir. 1981) (rejecting defendant's Sixth Amendment claim because "Agent Livertucci was never called as a witness against Coven and O'Connor and therefore no Sixth Amendment confrontation rights were implicated") (citing *United States ex rel. Meadows v. State of N.Y.*, 426 F.2d 1176, 1184 (2d Cir. 1970) ("The right to confrontation is not a discovery or procedural weapon which enables defendants to secure disclosure of all the evidence in the possession of the prosecution. The protection afforded defendants by this constitutional right is of a different character. Specifically, the sixth amendment applies to evidence actually disclosed at a trial. It ensures that the trustworthiness of this evidence will be tested by effective cross-examination in the presence of the jury and by personal observation of the witness who provides it. . . . But a defendant has *no right* to confront a 'witness' who provides *no evidence* at trial.") (emphases supplied) (citing *Barber v. Page*, 390 U.S. 719 (1968); *Parker v. Gladden*, 385 U.S. 363 (1966); *Pointer v. Texas*, 380 U.S. 400 (1965); *United States ex rel. Laughlin v. Russell*, 282 F. Supp. 106, 112-13 (E.D. Pa. 1968)), *cert. denied*, 401 U.S. 941 (1971)). In light of these precedents, Lee does not have a colorable argument that his Confrontation Clause rights were violated by the failure of Davis to testify at trial. Moreover, Lee has failed to explain why the prosecution would have called Davis in the first place if, as Lee asserts, Davis had no information whatsoever concerning Lee's involvement in the attempted robbery of the liquor store.

## CONCLUSION

Petitioner Joseph Lee's motion to vacate the judgment under Rule 60(b) of the Federal

Rules of Civil Procedure is **DENIED**. The Second Circuit expressly has held that the Certificate of Appealability ("COA") requirement provided in 28 U.S.C. § 2253(c) applies to an Order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition. *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001). Because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see also Kellogg*, 269 F.3d at 104, this Court declines to grant Lee a COA. If Lee wishes to appeal this Order, he is directed to apply to the Second Circuit for a COA.

    **IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    July 21, 2006
               Rochester, New York.